IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| LUGENE L. SCOTT, | ) | CASE NO. 1:18-CV-00485 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN THOMAS SCHWEITZER, | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Defendant. | ) | |

**Introduction**

Before me by referral[1] is the *pro se* petition of Lugene L Scott for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Scott is in the custody of the State of Ohio at the North Central Correctional Institution in Marion, Ohio[3] where he is serves a sentence of 10 years in prison imposed in 2016 by the Cuyahoga County Court of Common Pleas at a re-sentencing after accepting Scott's plea of guilty to one count of voluntary manslaughter.[4]

---

[1] ECF No. 8.
[2] ECF No. 1.
[3] Scott is shown in the petition as incarcerated at the Lebanon Correctional Institution. ECF No. 1. He has since been transferred to the present location. www.drc.ohio.gov/offendersearch
[4] ECF No. 12, Attachment at 86.

1

The State has filed a return of the writ along with the state court record.[5] Scott has filed a traverse.[6]

For the following reasons, the petition should be dismissed as asserting non-cognizable claims arising under state law.

## Facts

In light of the proposed resolution, the statement of relevant facts is brief.

**Underlying offense, plea and sentence**

In 2007 Scott was charged with shooting two individuals. At a bench trial, Scott was found guilty of aggravated assault in connection with one victim and felonious assault as to the other, as well as having a weapon while under disability.[7] He was sentenced to an aggregate term of nine years in prison.[8] After appealing the conviction and sentence, the Ohio appeals court affirmed both.[9]

In April 2013, one of the victims of the shooting, who had been paralyzed from his wounds, finally died.[10] The coroner ruled his death a homicid, and the State charged Scott with aggravated murder, felonious assault and having a weapon while under disability.[11] Scott and the prosecutors reached a plea agreement whereby Scott would plead guilty to

---

[5] ECF No. 12; ECF No. 12, Attachment.
[6] ECF No. 14. The filing is denominated as a reply to the State's answer.
[7] ECF No. 12 at 2 (citing record).
[8] *Id*. at 3.
[9] *Id.*
[10] *Id*.
[11] *Id*.

the reduced charge of voluntary manslaughter and having a weapon while under disability with a recommended total sentence of 12 years in prison.[12]

The court accepted Scott's guilty plea on September 29, 2015 and imposed the recommended sentence.[13]

**Direct appeal**

*Court of appeals*

Scott, *pro se*, then filed a timely appeal to the Ohio appeals court.[14] Scott's counsel filed a brief asserting three assignments of error:

    1.    A five-year sentence for having a weapon while under disability is void when the maximum statutory sentence can be no greater than three years.

    2.    A fifteen-year sentence for voluntary manslaughter is void when the maximum statutory sentence can be no greater than ten years.

    3.    Because this case is a partial re-indictment of Cuyahoga County Common Pleas Case Number CR-07-499259, the case should have been assigned to Judge John J. Russo.[15]

The State filed a brief in response.[16] On September 22, 2016, the appellate court overruled the second and third assignments of error, but sustained the first, vacating the

---

[12] *Id*.
[13] Id. at 4.
[14] ECF No. 12, App. at 10. The notice of appeal was filed October 23, 2015, or less than 30 days after the entry of the judgment.
[15] *Id*. at 14.
[16] *Id*. at 27.

3

two-year sentence for having a weapon while under disability and remanding the matter for resentencing.[17]

*Supreme Court of Ohio*

Scott, *pro se*, thereupon timely appealed to the Supreme Court of Ohio.[18] In the memorandum in support of jurisdiction Scott raised a single proposition of law that was not previously asserted to the Ohio appeals court:

> When a defendant is convicted and sentenced for felonious assault and later re-convicted for voluntary manslaughter due to the death of the victim, failure to allow credit for time served on the first charge violates the double jeopardy clause of the Fifth Amendment to the United States Constitution.[19]

The State waived filing a response.[20] On March 15, 2017 the Supreme Court of Ohio declined jurisdiction and dismissed the appeal.[21]

**Resentencing and Rule 26(B) application**

Shortly after the decision of the Supreme Court of Ohio, the trial court on August 18, 2017 held a resentencing hearing under terms of the remand. After accepting Scott's plea to only the charge of voluntary manslaughter the court deleted the firearms charge and

---

[17] *Id*. at 38.
[18] *Id*. at 54. Scott's notice of appeal was filed on October 24, 2016 but mailed on October 18, 2016. In any event, it was timely as it was within 45 days from the entry of the appellate judgment.
[19] *Id*. at 57.
[20] *Id*. at 84.
[21] *Id*. at 85.

4

Case: 1:18-cv-00485-SO Doc #: 17 Filed: 07/08/20 5 of 12. PageID #: 222

re-imposed the original sentence of ten years as to voluntary manslaughter.²² Scott did not appeal from the re-sentencing.

A few months after the re-sentencing but more than a year after the original decision of the appeals court, Scott, on December 15, 2017, filed a *pro se* application to re-open his appeal.²³ Scott alleged that his appellate counsel was ineffective for failing to argue that Scott's ten-year sentence for voluntary manslaughter should be reduced by the five years he had served for his earlier conviction for felonious assault.²⁴ He also acknowledged that the application to reopen was untimely but contended that the delay was due to his counsel not timely providing him with transcripts and for failing to tell him about the filing requirements of Rule 26(B).²⁵

The State opposed the application as untimely and because Scott had not given a good cause to excuse that untimeliness.²⁶ On January 17, 2018 the Ohio appellate court denied the application as untimely filed, ruling that neither a delay by counsel in furnishing transcripts nor lack of information as to filing times provided good cause for the delay of almost 15 months.²⁷

Scott timely appealed to the Ohio Supreme Court on February 23, 2018, raising a single proposition of law:

---

²² *Id.* at 86.
²³ *Id.* at 88.
²⁴ *Id.* at 90.
²⁵ *Id.* at 89.114
²⁶ *Id.* at 100.
²⁷ *Id.* at 107-09.

5

Appellant Lugene L. Scott was deprived of effective assistance of trial counsel and appellate counsel as guaranteed by both federal and state constitutions for failing to ask pursuant to R.C. 2967.191 and R.C. 2949.12, and the equal protection clause of the federal constitution that Scott receive the 5 years he served for the felonious assault be credited towards the 10 years voluntary manslaughter sentence in this case.[28]

The State waived a response.[29] On April 25, 2018, the Ohio Supreme Court declined jurisdiction and dismissed the appeal.[30]

**Federal habeas petition**

Scott, *pro se*, timely filed[31] the present federal habeas petition on March 2, 2018.[32] In it, Scott presented no grounds for relief in the body of the petition.[33] In an attachment, he set forth the grounds he asserted on appeal in the Ohio courts[34] and in a subsequently

---

[28] *Id*. at 114.
[29] *Id*. at 129.
[30] *Id*. at 130.
[31] The petition was docketed on March 2, 2018. Scott was re-sentenced on August 18, 2017, or less than one year before the petition was filed. The date of re-sentencing, where the new sentence involves more than a technical or clerical correction to the prior sentence, starts the one year habeas time period. See, *McDaniel v. Clapper*, 2016 WL 4992001 (N.D. Ohio Aug. 30, 2016); report and recommendation adopted, 2016 WL 2943026 (N.D. Ohio Sept. 16, 2016).
[32] ECF No. 1. I note that although Scott filed the petition while incarcerated and so would be entitled to have the date of filing be the date he placed the petition in the prison mail system, Scott in his petition did not provide any date for when the petition was placed into the prison mail system. See, ECF No. 1 at 13. Thus, the filing date here is the date the petition was filed in this Court.
[33] See, ECF No. 1 at 5-6.
[34] ECF No. 1, Attachment A, Assignment of Errors.

filed merit brief he sets out only one ground for relief, although it is styled therein as Ground Two:[35]

A fifteen-year sentence for voluntary manslaughter is void when the maximum sentence can be no greater than ten years.

He appears to state a slightly different single ground later in his prayer for relief in the merit brief:

Credit his Voluntary Manslaughter conviction with an additional 1,816 days for nearly five years he was imprisoned for the felonious assault conviction – from 10/24/2010 to 10/01/2015 – within 90 from the issuance of said order or order that he shall be immediately released thereafter.[36]

The State, as noted, argues that the petition be dismissed because Scott's claims involve non-cognizable issues of state law. The State argues that Scott's claims essentially contend that his sentences for felonious assault (in his original sentence) and voluntary manslaughter (his sentence after reindictment) should have merged.[37] The State asserts that this is a non-cognizable issue of state law that was answered by the Ohio appeals court, which found that felonious assault and manslaughter are separate crimes and so permit separate punishments.[38]

## Analysis

**Preliminary observations**

Before proceeding further, I make the following preliminary observations:

---

[35] ECF No. 7 at 5.
[36] *Id*. at 11.
[37] ECF No. 12 at 9.
[38] *Id.* at 11-12 (citing record).

7

1.      There is no dispute that Scott is in state custody as the result of his conviction and sentence by an Ohio court and was so incarcerated at the time of filing this petition. As such, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction.[39]

2.      My review of the docket confirms that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[40]

3.      As stated, the petition is timely filed. Further, as detailed above, the claim that the conviction for voluntary manslaughter improperly placed Scott in double jeopardy due to his prior conviction for felonious assault has been exhausted through one full round of Ohio's appellate review procedure. For the reasons stated below, it is not necessary to consider whether Scott fairly presented his claim about receiving credit for time served to the Ohio courts as it is a question of state law.

4.      Scott has neither requested the appointment of counsel nor an evidentiary hearing. Further, neither are required to resolve the matter.

**The petition should be dismissed as non-cognizable**

Here, the Ohio appeals court found that as a matter of Ohio law felonious assault and voluntary manslaughter are different offenses. Specifically, the manslaughter charge requires proof of an additional fact – the death of a victim – that the felonious assault charge

---

[39] 28 U.S.C. § 2254(a).
[40] 28 U.S.C. § 2254(b).

does not.[41] Thus, the appellate court concluded that "a conviction for felonious assault does not exempt Scott from prosecution and punishment under voluntary manslaughter."[42]

It is well-settled that the federal habeas statute here is available only to state prisoners in custody in violation of federal law.[43] Thus, to the extent that a petitioner claims his custody is a violation of state law, the petitioner has failed to state a claim upon which the federal writ may be granted.[44] In such circumstances, a claim for federal habeas relief based solely on an alleged violation of state law is properly dismissed by the federal habeas court as non-cognizable.[45]

That said, an error of state law may be grounds for federal habeas relief if the error resulted in the denial of "fundamental fairness" at trial.[46] Of consequence here, the federal court must follow the rulings of the state's highest court with respect to state law.[47]

Specifically, as to the Double Jeopardy clause, the Sixth Circuit has held that it permits multiple punishments for the same conduct if the legislature has so provided and recognizes no exception for necessarily included and overlapping offenses.[48] The Sixth Circuit, citing the Supreme Court of Ohio, has determined that Ohio's General Assembly

---

[41] ECF No. 12, Attachment at 77.
[42] *Id*.
[43] 28 U.S.C.§ 2254 (e).
[44] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).
[45] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).
[46] *Estelle*, 502 U.S. at 67-68.
[47] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).
[48] *White v. Howes*, 586 F.3d 1025, 1033 (6th Cir. 2009).

9

permits multiple punishments if the defendant commits offenses of dissimilar import.[49] Further, the federal habeas court is bound by a state court's construction of its own statutes.[50]

Here, as discussed above, the Ohio appeals court found that felonious assault and voluntary manslaughter were different offenses because voluntary manslaughter required proof of a fact that was not required for felonious assault. The court thus concluded that Scott was not subject to double jeopardy by being prosecuted for voluntary manslaughter after having already been convicted of felonious assault.

Accordingly, based on the judgment of the Ohio court applying Ohio law that Scott could properly be charged with voluntary manslaughter after being already convicted of felonious assault, I recommend finding that to the extent Scott now asserts a claim that his conviction violates the Double Jeopardy clause, that claim now be dismissed as non-cognizable.

Further, the Ohio court's finding that the offenses of felonious assault and voluntary manslaughter are distinct and do nor merge is strictly a matter of state law, and this Court is bound to accept its conclusion.[51]

---

[49] *Volpe v. Trim*, 708 F.3d 688, 692 (6th Cir. 2009).
[50] *Id*. at 696.
[51] See, *Jackson v. Smith*, 745 F.3d 206, 213 (6th Cir. 2014).

## Conclusion

For the foregoing reasons, I recommend that the *pro se* petition of Lugene L. Scott for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed as involving a non-cognizable state law claim.

IT IS SO RECOMMENDED.

Dated: July 8, 2020                                                    s/William H. Baughman Jr.
                                                                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[52]

---

[52] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).