UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUGENE L. SCOTT, *Pro Se*, | ) | Case No.: 1:18 CV 485 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN THOMAS SCHEITZER, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is *Pro Se* Petitioner Lugene Scott's ("Petitioner" or "Scott") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.) Under Local Rule 72.2, the court referred the matter to Magistrate Judge William H. Baughman, Jr. ("Magistrate Judge" or "Judge Baughman"), for a Report and Recommendation ("R & R"). For the following reasons, the court adopts Judge Baughman's R & R that the Petition be dismissed.

The Petition challenges Scott's state court sentences on Double Jeopardy grounds. (Pet., ECF No. 1.) As relevant here, Scott was charged in 2007 in connection with a double shooting. (R & R at PageID #219, ECF No. 17.) After a bench trial, he was convicted of aggravated assault with respect to one victim, felonious assault with respect to the other victim, and possessing a weapon under disability. (*Id.*) The state court sentenced Scott to an aggregate term of nine (9) years in prison: one (1) year for aggravated assault, five (5) years for the felonious assault, and three (3) years for

having a weapon under disability. *See State v. Scott*, No. 103696, 2016 WL 5371844, at *1 (Ohio Ct. App. Sept. 22, 2016). But, after one of the shooting victims died in 2013, the State brought new charges related to the homicide. *Id.* Scott eventually pled guilty to voluntary manslaughter and having a weapon while under disability, for which he received a prison sentence of twelve (12) years: ten (10) years for manslaughter and two (2) years for having a weapon under disability. *Id.* On appeal, Scott challenged his sentences on Double Jeopardy grounds, arguing that (1) he was unlawfully sentenced twice for the same weapon under disability offense and (2) "the five years he was sentenced for the felonious assault in 2007 and the ten years he was sentenced to for the voluntary manslaughter in [2013] are contrary to law because it was for a single incident and offense."[1] *Id.* at *4. The Ohio Court of Appeals agreed with Scott's first argument and vacated his two-year sentence for the new weapon under disability conviction. *Id.* at *3. But, the court upheld Scott's sentence for manslaughter after analyzing Ohio's allied offenses statute, Ohio Rev. Code § 2941.25, and concluding that felonious assault and voluntary manslaughter are separate offenses under Ohio law. *Scott*, 2016 WL 5371844, at *4 ("The voluntary manslaughter required the proof of an additional fact, the death of Taylor. Therefore, a conviction of felonious assault does not exempt Scott from prosecution and punishment under voluntary manslaughter."). Scott pursued additional appeals in state court to no avail. (R & R at PageID #220–23, ECF No. 17.)

On March 2, 20218, Scott filed the instant Petition. The Petition's body does not present any grounds for relief. But, in a separate attachment, Scott asserts:

---

[1] Scott also asserted that his 2013 case was assigned to the wrong judge. The Ohio Court of Appeals overruled this assignment of error, *Scott*, 2016 WL 5371844, at *5, and it is irrelevant to the Petition now before this court.

> When a defendant is convicted and sentence [sic] for felonious assault and later reconvicted for voluntary manslaughter due to the death of the victim, failure to allow credit for time served on the first charge violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

(Attachment A, ECF No. 1-1.) In a merits brief filed later, Scott articulates the following ground for relief:

> A fifteen-year sentence for voluntary manslaughter is void when the maximum sentence can be no greater than ten years.[2]

(Pet'r's Br. at PageID #40, ECF No. 7-1.) And later in the brief, Scott requests this relief:

> [T]hat the State of Ohio—Cuyahoga County Court of Common Pleas—credit his Voluntary Manslaughter sentence with an additional 1,816 days for nearly five years he was imprisoned for the felonious assault conviction—from 10/24/2010 until 10/01/2015—within 90 days of the issuance of said order, or he shall be ordered immediately released thereafter.

(*Id.* at PageID #46.) The State filed an Answer/Return of Writ on August 10, 2018, arguing that Scott raises a non-cognizable issue of state law—*i.e.,* whether his initial sentence for felonious assault and his subsequent sentence for voluntary manslaughter should have merged—that has been answered definitively by Ohio courts. (Answer at PageID #70, ECF No. 12.) Scott filed a Reply/Traverse on September 4, 2018. (ECF No. 14.)

Judge Baughman submitted his R & R on July 8, 2020, recommending that the court dismiss the Petition as raising a non-cognizable state law claim. (R & R at PageID #225–28, ECF No. 17.) The R & R notes that current jurisprudence "permits multiple punishments for the same conduct if the legislature has so provided and recognizes no exception for necessarily included and overlapping

---

[2] As the R & R points out, this is the only ground for relief that Scott lays out. (R & R at PageID #224, ECF No. 17.) Although Scott styled this argument "Ground Two," the brief contains no ground one.

-3-

offenses." (*Id.* at PageID #226 (citing *White v. Howes*, 586 F.3d 1025, 1035 (6th Cir. 2009)).) The R & R further explains that "the federal habeas court is bound by a state court's construction of its own statutes," including whether state criminal offenses are distinct for Double Jeopardy purposes. (R & R at PageID #227, ECF No. 17 (quoting *Volpe v. Trim*, 708 F.3d 688, 692 (6th Cir. 2009)).) And because the Ohio court applied Ohio law and determined "that the offenses of felonious assault and voluntary manslaughter are distinct and do nor [sic] merge," the R & R finds that "this Court is bound to accept its conclusion." (R & R at PageID #227, ECF No. 17 (citing *Jackson v. Smith*, 745 F.3d 206, 213 (6th Cir. 2014)).)

Scott filed an Objection (ECF No. 20) to the R & R on August 17, 2020. Although objections were due by July 22, 2020, Scott argues that his submission should be accepted as timely because "the Clerk of Courts for this court mistakenly mailed the Report and Recommendation to Petitioner's previous prison despite Petitioner filing a change of address with this court." (*Id.* at PageID #234.) Filing deadlines are not jurisdictional, *see Thomas v. Arn*, 474 U.S. 140, 145–46 (1985), and the court finds Scott's argument well-taken. Consequently, the court excuses Scott's tardiness. Nevertheless, Scott's arguments are unavailing. The Objection reiterates Scott's position that the Ohio court violated the Fifth Amendment's Double Jeopardy protections by declining to give "credit for the five years he had served on a charge of felonious assault regarding the exact same singular act in which he is now serving the involuntary [sic] manslaughter conviction." (Obj. at PageID #237, ECF No. 20.) Scott also claims the R & R erred when it stated "this Court is bound to accept" the Ohio court's conclusion that felonious assault and voluntary manslaughter do not merge under Ohio law. (*Id.* at PageID #239.) But, Scott's arguments are at odds with the clear Sixth Circuit precedent that Judge Baughman applied. *See Jackson*, 745 F.3d at 214 ("At worst, the state

court incorrectly applied Ohio's allied offenses statute to determine the legislature's intent. Habeas relief, especially when circumscribed by § 2254(d)(1), is not available for such alleged errors.").

After a careful *de novo* review of the R & R, the parties' arguments, Scott's Objection, and all relevant materials in the record, the court finds that Judge Baughman's recommendation is fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Scott has not established that his federal rights were violated. Accordingly, the court adopts Judge Baughman's R & R in its entirety and hereby dismisses the Petition. The court also certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

August 28, 2020